## M. C. LEWIS v. THE STATE.

No. 12998. Delivered February 12, 1930.
Rehearing denied March 12, 1930.
Reported in 25 S. W. (2d) 620.

The opinion states the case.

*Tipps & Puckitt* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment being one year in the penitentiary.

The constable, accompanied by his brother who was a deputy constable, went to the home of appellant to arrest him on some misdemeanor charge, having a warrant authorizing such arrest. They were not searching for stills, and had no search warrant authorizing investigation of supposed violations of the "liquor law." The constable arrested appellant on the misdemeanor warrant and the two went a short distance from the residence towards a small shed room; the constable also arrested one Spain, and took both him and appellant to town, leaving the deputy constable to watch the premises until he returned. Before leaving the constable locked the door to the shed room and the deputy constable did not see what was in the shed room until his brother officers returned. Why Spain was arrested, or what, if anything, the constable saw in the shed room on the occasion of the arrest of appellant and Spain is not disclosed, such officer not being present at the trial. When the constable returned with other officers they unlocked the shed room door and the deputy constable testified that he then for the first time saw in the room a fifteen or twenty gallon still and a gallon and a half of liquor which he judged from the smell to be whisky. No other witness testified but appellant's written confession was introduced in which he admitted that he and Spain had bought the still some two months before the arrest, and that they had been running it since that time; that they had sold some whisky made with the still and had about a gallon and a half run off when the officers caught them.

The case here is presented on the theory that the commission of a crime may not be established by the extrajudicial confession alone of accused, and that the testimony of the deputy constable as to the discoveries in the shed room was inadmissible in the absence of a search warrant, hence could not be used to corroborate the confession. Appellant requested several special charges based upon the principle of law just stated. We do not discuss the refused charges as the case turns upon another point. Appellant seems to have shown that the officers had no search warrant, but if any objection was interposed to the deputy constable giving evidence as to finding the still and whisky no exception is brought forward. As the record appears before us there was ample evidence to corroborate the confession and to support the conviction.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing, asserting that he duly objected to the evidence obtained by the search of his premises, and that the bill of exception presenting the complaint was inadvertently omitted from the transcript, and was not before the court when we wrote originally. He brings forward by supplemental transcript and affidavits his bill of exception No. 2. It is to be regretted that even if same was filed in the office of the clerk of the trial court, as now contended by appellant, said bill can not be considered for the reason that, according to the showing made, same was filed July 12, 1929 which was too late. The date of the final judgment in the court below was May 11, 1929. From the caption of the transcript as well as the law creating the trial court, it appears that the terms of said court extend by law more than eight weeks. The trial term convened April 1, 1929, and adjourned June 29th following. It is expressly provided in the last clause of Art. 760, C. C. P., that if the term of any of said courts may by law continue more than eight weeks, the statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered, unless the court shall by order entered of record in said cause extend the time for filing such statement and bills of exception. The transcript in this case contains no such order of extension. Nothing is brought before us which causes us to conclude that we erred in the former affirmance hereof.

The motion for rehearing will be overruled.

*Overruled.*